UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:09-cr-146-T-23MAP
    8:16-cv-764-T-23SPF

THOMAS EDWARD KNIGHT,

_____/

**ORDER**

On March 30, 2016, Thomas Knight moved (Doc. 1) under 28 U.S.C. § 2255 to vacate his sentence based on *Johnson v. United States*, 135 S.Ct. 2551 (2015). The government responds (Doc. 7), and Knight replies (Doc. 10).

Knight's motion is untimely. The Anti-Terrorism and Effective Death Penalty Act creates for a motion to vacate a one-year limitation that runs from "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1). Because Knight filed no direct appeal, his conviction was final in February 2010, at the conclusion of the fourteen days for filing a notice of appeal. Fed. R. App. P. 4(b)(1)(A) (2009); *see Murphy v. United States*, 634 F.3d 1303, 1314 (11th Cir. 2011) (holding that a Rule 35(b) sentence reduction does not affect a judgment's finality). The one-year limitation expired in February 2011.

For a Supreme Court decision to refresh the limitation under Section 2255(f)(3), the decision must both (1) recognize a new right and (2) retroactively

apply to cases on collateral review. *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017). Knight relies on *Johnson*, which holds unconstitutional the residual clause of the Armed Career Criminal Act, but *Johnson* entitles Knight to no relief. Knight was sentenced as a career offender under Section 4B1.1, United States Sentencing Guidelines. In contrast to ACCA, the advisory guidelines are not subject to a vagueness challenge. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017); *United States v. Matchett*, 802 F.3d 1185, 1196 (11th Cir. 2015).

The motion to vacate (Doc. 1) is **DISMISSED**. The clerk is directed to enter a judgment against Knight and to **CLOSE** this case. Because Knight fails to show that reasonable jurists would debate the merits of the procedural issues or the merits of the claims, a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2); *Lambrix v. Sec'y, Fla. Dep't of Corrs.*, 851 F.3d 1158, 1169 (11th Cir. 2017). Leave to appeal *in forma pauperis* is **DENIED**. Knight must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on January 25, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE